# Exhibit 01

August 9, 2013 Defendant's Notice of Removal

*Pedro Tacam v. District of Columbia et al.*
Civil Action No. 13-1230 (D.D.C.)



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

PEDRO J. TACAM
   Vs.                                                  C.A. No.      2013 CA 004363 B
DISTRICT OF COLUMBIA

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                     Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOHN M MOTT
Date: June 26, 2013
Initial Conference: 10:00 am, Friday, September 27, 2013
Location: Courtroom 221
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001                                                                   Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Pedro J. Tacam
_____
Plaintiff

vs.

Case Number **13-0004363**

District of Columbia
Serve: Office of the Mayor
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Rachael A.S. Moshman
_____
Name of Plaintiff's Attorney

Law Office of Rachael A.S. Moshman
_____
Address

2100 P St., NW, Ste. 415, Washington, DC 20036

202-441-1357
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                   CASUM.doc



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

Por: _____

_____
Dirección

Subsecretario

_____

Fecha _____

_____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

DISTRICT OF COLUMBIA SUPERIOR COURT
CIVIL DIVISION

| | |
|---|---|
| Pedro J. Tacam<br>2000 P Street, NW<br>Suite 415<br>Washington, DC 20036<br><br> Plaintiff,<br><br>v.<br><br>District of Columbia;<br>1350 Pennsylvania Avenue, NW<br>Washington, DC 20001<br><br><br>Officer Burke, Badge #3003;<br>300 Indiana Ave., NW<br>Room 5059<br>Washington, DC 20001<br><br>Officer John Doe 1;<br>300 Indiana Ave., NW<br>Room 5059<br>Washington, DC 20001<br><br>Officer John Doe 2; and<br>300 Indiana Ave., NW<br>Room 5059<br>Washington, DC 20001<br><br>Officer John Doe 3<br>300 Indiana Ave., NW<br>Room 5059<br>Washington, DC 20001<br><br> Defendants. | Case No. **13-0004363**<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Pedro J. Tacam, through undersigned counsel, respectfully submits this complaint

against the District of Columbia, Metropolitan Police Department (MPD) Officer Burke (Badge #3003), and three MPD officers whose identity is currently unknown for the tort claim of assault and battery, and against all the police officers for conversion and violations of Plaintiff's constitutional rights under the Fourth Amendment under 42 U.S. C. § 1983.

## I. JURISDICTION

1. Jurisdiction over Defendants District of Columbia, Officer Burke and the three John Doe MPD Officers is conferred on this Court because Mr. Tacam was a resident of D.C. at the time of the incident, the incident out of which this complaint arises occurred in D.C., and the Defendants either are the District of Columbia or were employees of the District of Columbia's Metropolitan Police Department at all times the incident occurred.

## II. PARTIES

2. Plaintiff Pedro Tacam is 20 years old and resided in the District of Columbia at the time he was attacked by MPD. Mr. Tacam now resides outside of the District of Columbia.

3. Defendant District of Columbia is the employer of Officer Burke and the other MPD John Doe defendants.

4. Defendant Officer Burke was an MPD Police Officer, Badge #3003, at all times the incident occurred.

5. Defendants John Doe 1, John Doe 2, and John Doe 3 were MPD Police Officers at all times the incident occurred.

## III. FACTS

6. Mr. Tacam was standing near the Giant supermarket's entrance in the shopping center at 901 Rhode Island Ave., NE between one p.m. and two p.m. on June 26, 2012.

7. During that time, a Metropolitan Police Department (MPD) marked car with Officer Burke and the three John Doe Metropolitan Police Department officers drove past where Mr. Tacam was standing. The officers – dressed in MPD uniforms - stopped their car, exited the car, and walked close to him.

8. Mr. Tacam was afraid of coming in contact with the police officers and he ran away from them.

9. When he ran, two of the police officers, including Officer Burke, advanced towards him and caught him.

10. Maintaining their grasp, one police officer, without any further words, bent Mr. Tacam's arm behind his back and pushed him onto the cement of the parking lot.

11. Having him fully secured in this position, the police officers continued to hold him tightly on the ground.

12. The officers then proceeded to beat up Mr. Tacam. They smacked his head onto the ground. They beat him with their fists. One of the officers stepped down onto Mr. Tacam's neck.

13. On information and belief, the period of time during which he was beat up was sixty seconds. The John Doe officers that did not participate in the beating, but stood by watching, were no more than 200 feet from Mr. Tacam, Officer Burke and the other assaulting John Doe officer.

14. Officer Burke and one John Doe officer used excessive force to detain Mr. Tacam.

15. The police officers were acting within the scope of their employment as MPD Police Officers when they committed assault and battery on Mr. Tacam .

16. Mr. Tacam was not charged with any crime. An ambulance was called, and Mr. Tacam was taken immediately, but not in custody, to the Emergency Room at Howard University Hospital.

17. When he was placed in the ambulance, the police officers took everything out of his pockets, including his wallet. When these items were returned to him, the only money he had, fifty

dollars, was missing from his wallet. On information and belief, Officer Burke and the John Doe officers took and kept this money from Mr. Tacam without his authorization.

18. Mr. Tacam sustained immediate injuries to his face, head, knee, shoulder and wrist, for which he received medical treatment. He continues to this day to experience serious medical and psychological repercussions from the attack by the police officers and continues to receive medical treatment for these injuries.

19. The District of Columbia received notice of the claims against it within the six month statutorily required period.

## COUNT I: Tort Claim for Assault and Battery

20. Plaintiff reasserts Paragraphs 1-19.

21. Defendants the District of Columbia, Officer Burke and one of the John Doe MPD Officers committed the tort of assault and battery against Mr. Tacam in the parking lot at 901 Rhode Island Avenue, NE, Washington, DC on June 26, 2013.

22. Defendants Officer Burke and one of the John Doe officers beat Mr. Tacam.

23. The District of Columbia is liable for the actions of the Defendants because they were acting within the scope of their employment as MPD officers when they attacked Mr. Tacam.

24. Defendants' actions caused Mr. Tacam to suffer injuries including damages for which he is entitled to recover in an amount to be determined at trial.

## COUNT II: Tort Claim for Conversion

25. Plaintiff reasserts Paragraphs 1-24.

26. Defendants' Officer Burke and the John Doe officers took Mr. Tacam's fifty dollars from his wallet and never returned it.

27. The officers made an unlawful exercise of ownership and control over Mr. Tacam's fifty dollars, denying Mr. Tacam's right to his property and causing him to suffer injuries for which is entitled to recover, including interest earned on the amount denied him.

## COUNT III: 42 U.S.C. 1983

28. Plaintiff reasserts Paragraphs 1-27.

29. Defendants Officer Burke and the other John Doe officer who beat up Mr. Tacam violated the Fourth Amendment and 42 U.S.C. § 1983 when they used excessive force against Mr. Williams.

30. The remaining John Doe Defendants violated the Fourth Amendment and 42 U.S.C. § 1983 when they did nothing to intervene and prevent the beating of Mr. Tacam, though they had the time to react and the distance between them and the sight of the incident was such a distance that they could have intervened if they had chosen to.

31. Defendants' actions caused Mr. Tacam to suffer injuries including damages for which he is entitled to recover in an amount to be determined at trial.

## CLAIM FOR RELIEF

Wherefore, Plaintiff makes the following claim for relief:

1. The return of his fifty dollars and interest earned;

2. Compensatory damages in the amount of $200,000;

3. Punitive damages to be determined;

4. Attorneys fees and costs;

5. Any other relief which this court decides is necessary in the interests of justice.

Respectfully submitted this 26th day of June, 2013,

_____
Rachael A. S. Moshman, Esq.,
DC Bar. No. 980349
Attorney for Pedro J. Tacam
2000 P Street, NW, Suite 415
Washington, DC 20036
Ph: 202-441-1357
Fax: 202-331-0567
rachael@rasmlaw.com

Kachaex A.J. Vloshman
2000 P St., NW
Washington, DC

CERTIFIED MAIL

7012 3050 0001 3521 5225

U.S. POSTAGE PAID
WASHINGTON, DC
20036
JUL 15, '13
AMOUNT
$6.97
00050145-05

RETURN RECEIPT
REQUESTED

SECRETARY OF D.C.
2013 JUL 17 PM 2:52

Office of The Mayor
1350 Pennsylvania Ave, NW
Washington DC 20004