UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Pedro J. Tacam<br>2000 P Street, NW<br>Suite 415<br>Washington, DC 20036<br><br>   Plaintiff,<br><br>v.<br><br>District of Columbia;<br>1350 Pennsylvania Avenue, NW<br>Washington, DC 20001,<br><br>   and<br><br>Officer William Burke, Badge #3003;<br>300 Indiana Ave., NW<br>Room 5059<br>Washington, DC 20001,<br><br>   and<br><br>Officer Blaine Scott, Badge #4935;<br>300 Indiana Ave., NW<br>Room 5059<br>Washington, DC 20001,<br><br>   Defendants. | Case No. 1:13-cv-01230<br><br><br><br>JURY TRIAL DEMANDED |

### AMENDED COMPLAINT

Plaintiff Pedro J. Tacam, through undersigned counsel, respectfully submits this complaint against the District of Columbia, Metropolitan Police Department (MPD) Officer William Burke (Badge #3003), and MPD Officer Blaine Scott (Badge #4395) for the tort claims of assault and battery and conversion and for violations of Plaintiff's constitutional rights under the Fourth

1

Amendment under 42 U.S.C. § 1983.

## I.  JURISDICTION

1. Jurisdiction over Defendants District of Columbia, Officer Burke and Officer Scott is conferred on this Court because Mr. Tacam was a resident of D.C. at the time of the incident, the incident out of which this complaint arises occurred in D.C., and the Defendants either are the District of Columbia or were employees of the District of Columbia's Metropolitan Police Department at all times the incident occurred.

## II.  PARTIES

2. Plaintiff Pedro Tacam is 20 years old and resided in the District of Columbia at the time he was attacked by MPD. Mr. Tacam now resides outside of the District of Columbia.

3. Defendant District of Columbia is the employer of Defendants Officer Burke and Officer Scott.

4. Defendant Officer Burke was an MPD Police Officer, Badge #3003, at all times the incident occurred.

5. Defendant Officer Scott was an MPD Police Officer, Badge #4935, at all times the incident occurred.

## III.  FACTS

6. Mr. Tacam was standing near the Giant supermarket's entrance in the shopping center at 901 Rhode Island Ave., NE between one p.m. and two p.m. on June 26, 2012.

7. During that time, a Metropolitan Police Department (MPD) marked car with Officer Burke and Officer Scott drove past where Mr. Tacam was standing. The officers – dressed in MPD uniforms - stopped their car.

8. Mr. Tacam ran away from the officers.

9. Officer Burke called out in English for Mr. Tacam to stop.  When Mr. Tacam heard him yell stop, he immediately stopped running. Mr. Tacam does not understand more than a few words of English.

10. Though he was standing, not moving, when the police officers approached him, Officer Burke grabbed Mr. Tacam from behind, bent Mr. Tacam's arm behind his back and pushed him onto the cement of the parking lot.

11. Having him fully secured in this position, Officers Scott and Burke held Mr. Tacam tightly on the ground and proceeded to beat him up.  Both Officers participated in the beating.  They smacked his head onto the ground. They beat him with their fists. One of the officers stepped down onto Mr. Tacam's neck.

12. The period of time during which he was beat up was about sixty seconds.  During this time Mr. Tacam was not resisting in any form.

13. Officer Burke and Officer Scott used excessive force that was unnecessary to detain Mr. Tacam, who did not resist their detainment in any form.

14. The police officers were acting within the scope of their employment as MPD Police Officers when they committed assault and battery on Mr. Tacam.

15. Mr. Tacam was not charged with any crime.  An ambulance was called, and Mr. Tacam was taken immediately, but not in custody, to the Emergency Room at Howard University Hospital.

16. When he was placed in the ambulance, the police officers took everything out of his pockets, including his wallet. When these items were returned to him, the only money he had, fifty dollars, was missing from his wallet. On information and belief, Officer Burke and Officer Scott took and kept Mr. Tacam's fifty dollars without his authorization.

17. Mr. Tacam sustained immediate injuries to his face, head, knee, shoulder and wrist, for which he received medical treatment. He continues to this day to experience serious medical and psychological repercussions from the attack by the police officers and continues to receive medical treatment for these injuries.

18. The District of Columbia received notice of the claims against it within the six month statutorily required period.

### COUNT I: Tort Claim for Assault and Battery

19. Plaintiff reasserts Paragraphs 1-19.

20. Defendants the District of Columbia, Officer Burke and Officer Scott committed the tort of assault and battery against Mr. Tacam in the parking lot at 901 Rhode Island Avenue, NE, Washington, DC on June 26, 2013.

21. Defendants Officer Burke and Officer Scott beat Mr. Tacam.

22. The District of Columbia is liable for the actions of the other Defendants because they were acting within the scope of their employment as MPD officers when they attacked Mr. Tacam.

23. Defendants' actions caused Mr. Tacam to suffer injuries including damages for which he is entitled to recover in an amount to be determined at trial.

### COUNT II: Tort Claim for Conversion

24. Plaintiff reasserts Paragraphs 1-24.

25. Defendants Officer Burke and the John Doe officers took Mr. Tacam's fifty dollars from his wallet and never returned it.

26. The officers made an unlawful exercise of ownership and control over Mr. Tacam's fifty dollars, denying Mr. Tacam's right to his property and causing him to suffer injuries for which is entitled to recover, including interest earned on the amount denied him.

## COUNT III: 42 U.S.C. 1983

27. Plaintiff reasserts Paragraphs 1-27.

28. Defendants Officer Burke and the other John Doe officer who beat up Mr. Tacam violated the Fourth Amendment and 42 U.S.C. § 1983 when they used excessive force against Mr. Williams.

29. The remaining John Doe Defendants violated the Fourth Amendment and 42 U.S.C. § 1983 when they did nothing to intervene and prevent the beating of Mr. Tacam, though they had the time to react and the distance between them and the sight of the incident was such a distance that they could have intervened if they had chosen to.

30. Defendants' actions caused Mr. Tacam to suffer injuries including damages for which he is entitled to recover in an amount to be determined at trial.

31. Pursuant to 42 U.S.C. § 1988, Mr. Stout is also entitled to his reasonable costs and attorneys' fees.

## CLAIM FOR RELIEF

Wherefore, Plaintiff makes the following claim for relief:

1. The return of his fifty dollars and interest earned;
2. Compensatory damages in the amount of $200,000;
3. Punitive damages to be determined;
4. Attorney's fees and costs;

5. Any other relief which this court deems necessary in the interests of justice.

Respectfully submitted this 15th day of January, 2014,

_____/s/_____
Rachael A. S. Moshman, Esq.,
DC Bar. No. 980349
Attorney for Pedro J. Tacam
2000 P Street, NW, Suite 415
Washington, DC 20036
Ph: 202-441-1357
Fax: 202-331-0567
rachael@rasmlaw.com