# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEDRO T. TACAM,        ) | |
|          ) | |
|      Plaintiff,      ) | |
|          ) | |
|      v.         ) | Civil Action No. 1:13-cv-01230 (BAH) |
|          ) | |
| DISTRICT OF COLUMBIA,  OFFICER ) | |
| WILLIAM BURKE, OFFICER BLAINE ) | |
| SCOTT        ) | |
|          ) | |
|      Defendants.      ) | |
|          ) | |

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff, Pedro T. Tacam, hereby requests this Honorable Court enter an Order in Limine before selection of the jury, instructing the Defendants, their attorneys and witnesses, not to directly or indirectly mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner any of the facts indicated below without first obtaining the permission of the Court outside the presence and hearing of the jury; and further instructing the defense attorneys to warn and caution their clients and each and every witness to strictly follow any order entered by the Court in connection with this Motion. This Motion in Limine encompasses the following items:

To exclude absence of charges or sanctions imposed upon the individual Defendants

To exclude any evidence, argument, comment or inference that the individual Defendants would themselves have to pay a judgment on jury verdict in this case, or the uninsured or financial status of any named Defendant

To exclude any testimony from the IME and any report that he will be preparing

To exclude any evidence of Plaintiff's status as an undocumented immigrant at the time of the incident giving rise to this lawsuit

To exclude any evidence of Defendant's opinions as to whether excessive force was used

To exclude the police report (PD-251)

## ARGUMENT

1. The Court should exclude evidence or argument about the absence of charges or sanctions imposed upon the individual Defendants

The fact that the individual Defendants were not prosecuted, reprimanded, punished or censured as a result of their contact with Plaintiff could have an unwarranted prejudicial effect on Plaintiff's case, as a result of the jury placing too much weight on the lack of sanctions handed down. Not only is such evidence irrelevant to Plaintiff's civil claims, but any probative value that this evidence may have is outweighed by the danger of unfair prejudice. *See Sallenger v. City of Springfield*, 03-3093, 2007 WL 2683791, *1 (C.D. Ill. Sept. 4, 2007) (unpublished); see also, Rule 403 , Fed.R.Evid.; *Harris v. City of Circleville*, 2:04-CV-1051 , 2010 WL 816974, *5 (S.D. Ohio Mar. 5, 2010) (unpublished) (there is an inherent risk that the jury could assign undue weight to the fact that no criminal charges were brought against the officers, and unfairly conclude that because the officers were not prosecuted, Plaintiff's civil claims must be meritless).

Additionally, the slight probative value of any such evidence is substantially outweighed by the danger of confusing the issues. There is a substantial risk that such evidence would result in jury confusion and/or the possibility that the jury would base its decision on an improper basis. *See Thompson v.  City of Chicago*, 472 F.3 d 444, 457-58 (7th Cir. 2006). In effect, the admission of such evidence could effectively usurp the function of the jury by leading jurors to

conclude that Defendants Burke and Scott did not violate Plaintiff's constitutional rights,

ultimate issues which the jury itself is responsible for deciding.

    2.   The Court should exclude any evidence, argument, comment or inference that the individual Defendants would themselves have to pay a judgment on jury verdict in this case, or the uninsured or financial status of any named Defendant

Any reference to whether any of the individual Defendants would themselves have to pay a

judgment on jury verdict in this case, or any evidence or commentary regarding the uninsured or

financial status of any named Defendant is improper as irrelevant and immaterial.

    3.   The Court should exclude any testimony from the IME and any report that he will be preparing

The deadline for designation of expert witnesses pursuant to Fed. R. Civ. Pro. 26(a)(2)

passed on September 23, 2014 without Defendants designating any experts. Defendant sought

and received permission from this Court to have an independent medical examiner (IME)

conduct an examination of Plaintiff. Defendants will likely seek to call the IME as a witness and

to introduce into evidence any report that the IME will prepare regarding his examination of the

Plaintiff.

Because Defendants did not identify the IME as an expert witness or provide an expert report

pursuant to Federal Rule of Civil Procedure 26(a)(2),his testimony and any report he eventually

prepares must be excluded. The IME would also not be competent to testify as a fact witness.

In *Howard v. Gray*, 291 F.R.D. 6 (D.D.C. 2013), this Court addressed the specific arguments

made by Plaintiff here. In *Howard*, this Court granted a motion in limine to preclude the plaintiff

from calling the IME as an expert witness or introducing his report into evidence. The Court held

that the failure of the plaintiff to identify the IME as an expert precluded plaintiff from calling

the IME at trial as an expert, and also precluded the plaintiff from introducing the IME report as

evidence.

4. The Court should exclude any evidence of Plaintiff's status as an undocumented
   immigrant at the time of the incident giving rise to this lawsuit

Plaintiff's status as an undocumented immigrant at the time of the incident should be

excluded under Rule 403 as unfairly prejudicial. *See* Fed. R. Evid. Rule 403. A decision earlier

this week from a federal court stated that "For ample reasons under Fed. R. Evid. 403, I granted a

motion in limine by defendant to preclude the introduction of evidence concerning Garcia's

arrest and his immigration status." *Dymskaya v. Orem's Diner of Wilton, Inc.*, 2015 U.S. Dist.

LEXIS 28891 n. 5 (D. Conn. Mar. 10, 2015). The Fifth Circuit has held that a district court did

not err in granting a motion in limine which prohibited questioning a witness about his

immigration status. *United States v. Diaz*, 637 F.3d 592, 598 (5th Cir. 2011).

Some courts have gone even further and held that immigration status is not even a proper

subject of discovery. *Cabrera v. Ekema*, 265 Mich App 402, 695 NW2d 78 (2005); *Galaviz-

Zamora*, 2005 US Dist. LEXIS 22120 (W.D. MI, 2005). Courts "have generally recognized the

*in terrorem* effect of inquiring into a party's immigration status when irrelevant to any material

claim." *Topo v. Dhir*, 210 F.R.D. 76, 78 (S.D.N.Y. 2002). In particular, "courts have noted that

allowing parties to inquire about the immigration status of other parties, when not relevant,

would present a 'danger of intimidation [that] would inhibit plaintiffs in pursing their rights.' "

*Id.*, (*quoting Liu v. Donna Karan Int'l, Inc.*, 207 F.Supp.2d 191, 193 (S.D.N.Y. 2002)(granting

protective order against inquiry into immigration status). Federal immigration laws embody a

policy to prevent misuse of the immigration system to intimidate. *See* 8 U.S.C. § 1367. The Defendants should not be permitted to use immigration laws to intimidate the Plaintiff.

The only reason for admission of this evidence is to create prejudice and to illicit an improper emotional response to a highly controversial subject. Given the clear lack of relevance of such evidence, it can only prejudice the Plaintiff and cause the jury to look negatively or with ill feelings towards Plaintiff. Certainly, the issue will be confused and the jury will be misled by the admission of such evidence There is no evidence that the Defendants knew anything about Plaintiff's immigration status at the time of the incident, and the fact that he was not legally present in the United States at the time of the incident is not sufficiently probative of bias or credibility to outweigh the harm that would be caused by bringing up his immigration status at trial.

5.  The Court should exclude any evidence of Defendant's opinions as to whether excessive force was used

The question of whether excessive force was used is one for the jury, and any opinion testimony would confuse the issue. In *Thompson v. City of Chicago*, 472 F.3d 444, 458 (7th Cir. 2006), the court held that opinion testimony about the excessiveness of the use of force "would have been of little value except as to possibly causing confusion and bore a substantial risk of prejudice."

6.  The Court should exclude the police report (PD-251)

The police report (PD-251) contains unsworn statements which constitute inadmissible hearsay. Defendants are expected to testify and inclusion of the police report would be needless presentation of cumulative evidence.

In the civil rights case of *Moore v. Indehar*, the 8th Circuit held that, "Before the district court, Indehar challenged Sgt. Peter's police report and the recommendation he submitted as inadmissible evidence. The district court properly declined to consider this evidence, finding that it constituted hearsay and, thus, was inadmissible*." Moore v. Indehar*, 514 F.3d 756, 761 (8th Cir. 2008) (*citing Mays v. Rhodes*, 255 F.3d 644, 648 (8th Cir. 2001).

Respectfully Submitted,

/s/_____
Rachael A. S. Moshman, Esq.,
2000 P Street, NW, Suite 415
Washington, DC 20036
Ph: 202-441-1357
Fax: 202-331-0567
rmoshman@hotmail.com
rachael@rasmlaw.com

/s/_____
Jeffrey L. Light, Esq.
1712 Eye Street, NW, Suite 915
Washington, DC 20006
Ph: 202-277-6213
Fax: 202-223-5316
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiff*